UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ESTHER GONZALEZ,

    Plaintiffs,

    v.

BANK OF AMERICA, N.A.,

    Defendant.

Case No. 2:13-cv-00460-MMD-CWH

ORDER

(Defs.' Motion to Dismiss and to Expunge Lis Pendens– dkt. no. 5)

**I.    SUMMARY**

Before the Court is Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss and to Expunge Lis Pendens. (Dkt. no. 5.) On May 1, 2013, Defendant filed a Notice of Non-Opposition. (Dkt. no. 7.) Plaintiff Esther Gonzalez has yet to respond to the Motion. For the reasons set forth below, Defendant's Motion is granted.

**II.    BACKGROUND**

Plaintiff Esther Gonzalez purchased the property located at 1904 Peyton Stuart, Las Vegas, Nevada 89086. (Dkt. no. 1-1 at 1.) Plaintiff admits that she fell behind on her mortgage payments. (Dkt. no. 1-1 at 2.) She alleges that she had attempted to secure a loan modification with Defendant BANA, and that she provided BANA with documentation for the modification on October 11, 2012. (*Id.*) She states that she reasonably relied on Defendant's representation that a modification would occur and her home would not be foreclosed on. (*Id.*) BANA did not provide a modification, however, and on October 23, 2012, foreclosure occurred. (*Id.*)

Plaintiff Esther Gonzalez commenced an action in the Eighth Judicial District Court of the District of Nevada on December 6, 2012, against BANA and ten Doe Defendants.[1] Plaintiff brings three causes of action: (1) promissory estoppel; (2) preliminary injunction; and (3) quiet title. Defendant claims it was never properly served and that Plaintiff only attempted to serve Defendant by delivering copies of the Summons and Complaint to an employee at a Las Vegas Bank of America retail branch. (Dkt. no. 1 at 2.) Defendant filed a Petition for Removal on March 19, 2013. Because Defendant has yet to be properly served, removal was timely.

## III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all

---

[1] As the federal rules of procedure allow for liberal amendments to pleadings, the use of doe defendants in federal practice is disfavored. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, when a situation arises where the identities of alleged defendants are unknown prior to filing the complaint, the plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.* As that situation has not arisen, the Court declines to consider the Doe Defendants as valid parties to this suit.

2

well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

**IV.    DISCUSSION**

At the outset, the Court notes that Plaintiff has failed to respond to the Motion to Dismiss. On its own, Plaintiff's failure to file points and authorities in opposition to a motion constitutes consent that the motion be granted. Local Rule 7-2(d); *see Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989).

Notwithstanding Plaintiff's failure to oppose the Motion, the Court addresses the merits of BANA's request to dismiss Plaintiff's claims. Plaintiff brings three causes of action against BANA. First, she brings a promissory estoppel claim based on her allegation that she reasonably relied on representations of the Defendant that a loan modification was under review and foreclosure would not occur. (Dkt. no. 1-1 at 3.) In order to establish a promissory estoppel claim, Plaintiff must demonstrate that a promise existed "which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or

forbearance" and where "injustice can be avoided only by enforcement of the promise." Restatement (Second) of Contracts § 90 (1981). A promise that is "'vague, general or of indeterminate application'" is not enforceable. *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 446 (9th Cir. 1992) (*quoting Hass v. Darigold Dairy Products Co.*, 751 F.2d 1096, 1100 (9th Cir. 1985)). Here, Plaintiff states that two individuals, "Brian B." and "Rochetta," communicated that her loan modification was under review. (Dkt. no. 1-1 at 3.) Plaintiff does not explain who these individuals are or what specifically they promised her. Because she does not allege sufficient facts to conclude that there was a clear promise, that the promisor would reasonably have expected it to induce reliance, or that she did in fact rely on the promise, her promissory estoppel claim must be dismissed.

Second, Plaintiff brings a quiet title claim. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself. Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property." *Wensley v. First Nat. Bank of Nevada*, 874 F. Supp. 2d 957, 966 (2012) (internal citations and quotations omitted). Not only has Plaintiff failed to demonstrate that she has paid off any debts owed on the property, she concedes in the Complaint that she fell behind on her mortgage payments. (Dkt. no. 1-1 at 2.) Accordingly, the quiet title claim must fail.

Finally, Plaintiff brings an injunctive relief claim. Injunctive relief is a remedy dependent on a viable cause of action, not a cause of action itself. To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) that the balance of hardships favors the plaintiff; and (4) that the injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because Plaintiff has not alleged a viable cause of action, Plaintiff fails the first prong of the test.

///

///

**V.      CONCLUSION**

IT IS THEREFORE ORDERED that Defendant Bank of America, N.A.'s Motion to Dismiss and to Expunge Lis Pendens (dkt. no. 5.) is GRANTED.

The Clerk of the Court shall close this case.

DATED THIS 24th day of July 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE